224

The Wayne Building & Loan Co. of Wooster, Ohio, Appellee, *v.* Yarborough et al.; The Falls Lumber Co., Appellant; Eaton & Co., Appellee.

(No. 40543—Decided July 26, 1967.)

Messrs. *Laybourne, McClenathen, Zurz & Tuccillo* and *Mr. Paul C. Laybourne*, for appellee The Wayne Building & Loan Company of Wooster.

Messrs. *Weick & Genovese* and *Mr. James G. France*, for appellee Eaton & Company.

Messrs. *Buckingham, Doolittle & Burroughs* and *Mr. John M. Glenn*, for appellant.

*Per Curiam.* The principal questions in this case are controlled by the decision in cases Nos. 40533, 40534 and 40535, *Wayne Building & Loan Co. of Wooster, Ohio,* v. *Yarborough*, decided this day. By virtue of those cases, where, under a mortgage contemplating future advances for the construction of improvements upon the mortgaged premises and properly recorded prior to the reasonably apparent commencement of such construction, disbursements are made by the mortgagee to the

mortgagor, which disbursements are not made in the manner prescribed in Section 1311.14, Revised Code, and are not actually used to pay for such construction, the lien secured by the mortgage is subsequent in priority to valid mechanics' liens arising out of such construction, or to other properly recorded mortgage liens attaching to the subject property, to the extent that such disbursements are made after the attaching of such mechanics' liens, or such other mortgage liens, unless the mortgagee was in fact obligated to make such advances.

In the instant case, as in the above-mentioned cases, there was no showing that the disbursements under such a mortgage were made in the manner prescribed in Section 1311.14, Revised Code, or that the funds disbursed were actually used to pay for such construction, and Wayne did not, therefore, establish the priority of its lien for disbursements made after the attaching of other liens, unless it proved itself obligated to make such advances. Reference to the exhibits referred to in the Court of Appeals' findings indicates that the first transmittal of funds for disbursement to the Wayne Agency by Wayne in connection with the loan involved herein occurred on December 9, 1963, which was after the attaching of both the mechanics' liens and Eaton's mortgage in the instant case. It is, therefore, clear that no funds could have been disbursed by the Wayne Agency to Yarborough until after the attaching of the aforementioned liens, and it was, therefore, incumbent upon Wayne to prove itself obligated to make the advances thereafter made.

In the instant case, the evidence adduced by the parties shows even more clearly than in the previous cases the lack of *obligation* on the part of Wayne to make the advances eventually made. The testimony of John Landers, treasurer of Wayne, was as follows:

"Q. Did you have a disbursement agreement with Mr. and Mrs. Yarborough in connection with that loan? A. No.

"* * *

"Q. Were there any additional requirements that were asked of Mr. Yarborough in addition at the time the loan is approved? A. No.

"* * *

"The Court: Let me ask one question. In your mortgage have you covenanted to do the things that are required under a construction loan in the mortgage in this case? A. I don't know."

Furthermore, the Court of Appeals found that:

"6. The plaintiff company decided to advance only $24,000 to Yarborough and accordingly on December 12, 1963, a withdrawal of $4,000 was indicated as a credit on its disbursement record. Funds in the amount of $24,000 were sent by the plaintiff to the Wayne Agency * * *."

The quoted material, with the instruments relating to the loan and mortgage introduced by Wayne, clearly establish the lack of any agreement obligating Wayne to advance definite and certain sums, under definite conditions, under its mortgage. The discretionary nature of the advances is particularly apparent from Wayne's unilateral decision before any disbursement to advance only $24,000, under the note and mortgage claimed to secure advances up to $28,000. If Wayne could decide to advance only $24,000, why not only $10,000, or possibly nothing? A mere recital of the maximum amount to be secured by a mortgage for future advances obviously does not obligate the mortgagee to advance that amount. Such a recital might be made in any amount, securing complete discretion on the part of the mortgagee to advance as much as he sees fit.

One matter not dealt with in the previous cases (Nos. 40533, 40534 and 40535) appears herein. Eaton's mortgage from the Yarboroughs, recorded later than the Wayne mortgage, recites, in the covenants of such mortgage: "* * * and that the same are free from all incumbrances whatsoever, except a first mortgage construction loan upon said premises * * *." It was decided in the case of *Bercaw* v. *Cockerill* (1870), 20 Ohio St. 163, that such an exception from the covenants of warranty was not a subordination or a waiver of priority of its mortgage by the mortgagee. Compare *Riegel* v. *Belt, Admr.* (1928), 119 Ohio St. 369, 164 N. E. 347. Indeed, Wayne has not argued that the Eaton mortgage was expressly subordinated to its mortgage. Rather, Wayne relied in its dealings in connection with the loan in the instant case on the order of recording of the mortgages involved. Such reliance, in the light of its mode of disburse-

ment of advances sought to be secured by its mortgage, was simply in error, and this can not prejudice Eaton.

In accordance with the foregoing, the lien priorities in this case are:

1. Eaton, in the amount of its mortgage lien, established by the Court of Appeals.

2. The mechanics' lienors, the validly established claims in the amounts determined by the Court of Appeals, share second priority.

3. Wayne, in the amount of its mortgage lien, established by the Court of Appeals.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, TROOP, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.

TROOP, J., of the Tenth Appellate District, sitting for MATTHIAS, J.